UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                                          Case No. 3:17-cr-0240-J20JBT

BERNANDINO GAWALA BOLATETE

_____/

ORDER

**THIS CAUSE** is before the Court on Defendant Bernandino Bolatete's "Motion to Dismiss" (Dkt. 42). Bolatete challenges the constitutionality of the National Firearms Act, 26 U.S.C. §§ 5801, *et seq.* as exceeding Congress's power under the Constitution's Taxation Clause and as violative of the Tenth Amendment.

As a preliminary matter, the Court will address the United States' objection to the timeliness of Bolatete's motion. Federal Rule of Criminal Procedure 12(b)(2) provides that motions challenging the Court's jurisdiction may be filed throughout the pendency of the case. A defendant's challenge to the constitutionality of the charging statute is jurisdictional. *Class v. United States*, 138 S.Ct. 798, 806 (2018) (stating that a defendant's challenge to the constitutionality of his statute of conviction, if successful, extinguishes the government's power to prosecute the defendant); *see also United States v. Saac*, 623 F.3d 1203, 1208 (11th Cir. 2011) ("A defendant's claim that the indictment failed to charge a legitimate offense is jurisdictional. . . ."); *United States v. Walker*, 59 F.3d 1196, 1198 (11th Cir. 1995) (a district court lacks subject matter jurisdiction with respect to charges brought pursuant to unconstitutional statutes). As such, the nature of Bolatete's challenge renders his motion timely.

Turning to the merits of Bolatete's motion—the Eleventh Circuit has upheld the

constitutionality of the National Firearms Act as a valid exercise of Congress's taxation power. *United States v. Spoerke*, 568 F.3d 1236, 1245 (11th Cir. 2009) ("The National Firearms Act is facially constitutional."). It has also upheld the constitutionality of the statute as applied to circumstances factually similar to those alleged in Bolatete's indictment. *See id.* ("A statute does not cease to be a valid tax measure because it deters the activity taxed, because the revenue obtained is negligible, or because the activity is otherwise illegal." (quoting *Minor v. United States*, 396 U.S. 87, 98 n.13 (1969)). Because Bolatete's arguments are squarely foreclosed by precedent, his motion must be denied.

Accordingly, is it **ORDERED**:

Defendant Bernandino Bolatete's "Motion to Dismiss" (Dkt. 42) is **DENIED**.

**DONE AND ENTERED** at Jacksonville, Florida, this *9* day of May, 2018

HARVEY E. SCHLESINGER
UNITED STATES DISTRICT JUDGE

Copies to:
Mark Rosenblum, Fed. P. Def.
Maurice C. Grant, II, Fed. P. Def.
Michael Coolican, AUSA
Laura Cofer Taylor, AUSA